UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABRYEL MICHOLE MEENA WILDER, *et al.*,

Plaintiffs,

v.

UNITED STATES, *et al.*,

Defendants.

Cause No. C21-0206RSL

ORDER REQUIRING A MORE DEFINITE STATEMENT

On February 26, 2021, plaintiff's application to proceed *in forma pauperis* was granted and her complaint was accepted for filing. The complaint lists approximately two hundred and eight defendants including buildings (the Maleng Regional Justice Center), non-specific offices and departments (Office of Financial Management, Office of Public Defenses, Military Department, *etc.*), various commissions and boards (Sentencing Guidelines Commission, Washington State Investment Board, *etc.*), corporate entities (CHI Franciscan, Zoom, Kawamura LLC, *etc.*), municipalities (City of Lakewood, City of Fife, *etc.*), current and former public officials (Donald Trump and Jay Inslee), and various (for the most part unidentified) individuals. Dkt. # 5 at 22-30. Plaintiff asserts claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1589, with cross references to pages attached to the complaint, some of which mention various state laws. Dkt. # 5 at 3.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

The factual bases for plaintiff's claims are not entirely clear given her attachment of forty-two pages of correspondence and narrative that contain additional factual assertions, a purported transcript, and a chronology. It appears, however, that plaintiff is challenging the following conduct:

● state court dependency, custody, and alimony determinations, including the procedures used and assistance offered in reaching those determinations, on the grounds that they violated the U.S. Constitution and state law; [1]

● the conduct of various judicial officers in the handling plaintiff's cases and complaints and the conduct of the at least two prosecutors in handling matters in which plaintiff was involved;

● the failure of certain persons and entities to act on plaintiff's complaints and/or to satisfy their obligations as mandatory reporters;

● the disclosure of information about plaintiff's adult children;

● the failure of plaintiff's lawyer to attempt to obtain her release from a mental hospital;

● her arrest by a Lakewood police officer on November 2, 2019, and the resulting abandonment of her dog and minor child, as well as the alleged mishandling of her belongings;

● abusive behavior on the part of Chiae Wilder, plaintiff's ex-husband, including compelling her into forced labor in violation of 18 U.S.C. § 1589; and

● the denial of healthcare benefits by the State of Washington and the refusal of "the

---

[1] Plaintiff argues that the custody determinations deprived her of her constitutionally protected relationship with her children, violated her due process rights, interfered with her First Amendment right to practice her religion with her children, and constitute cruel and unusual punishment under the Eighth Amendment.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

Tribal department" to help her or her children.[2]

Plaintiff seeks compensatory damages for loss of income, the "wrongful death of a dog and wolf," emotional distress, psychological injuries, and defamation. Dkt. # 5 at 11.

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. The vast majority of the named defendants are identified only in Attachment B to the complaint, with no mention in the body of the complaint or in the attached letters and narratives. These defendants - and the Court -

---

[2] Attachment D to plaintiff's complaint is a series of single-spaced documents purporting to be communications with the Mayor, the Attorney General's Office, and the Office of Professional Responsibility at the U.S. Department of Justice raising hundreds of additional concerns and complaints. The seemingly incomplete document at pages 54-68 of Dkt. # 5 appears to have been drafted as an appeal of the state court custody determinations and adds substance and detail to the allegations of the complaint that are summarized in the text.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3

would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, a § 1983 claim or the criminal act of providing or obtaining forced labor. At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose as to most of the named defendants.

2. To the extent plaintiff is seeking review of the state court's judgments and determinations in the underlying custody disputes, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so. *Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

3. To the extent plaintiff is asserting a claim under 42 U.S.C. § 1983 against Chiae Wilder, Reginal Johnson, CASA, Siva Surya, Ann-Marie Croy, Thaddeaus Martin, Anthony Scott Marlow, Chong Sun (kim) and the other individuals and private corporations/associations identified in Attachment B Wilder, she has not alleged state action in support such a claim. Nor can § 1983 be used to vindicate rights created by state law.

4. To the extent plaintiff is asserting claims against judicial officers, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute"

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4

in that it protects the decisionmaker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*, 967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate § 1983 action is unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").

5. Under both the common law and § 1983, prosecutors are immune from liability for conduct occurring within the scope of their duties. *See Imbler v. Pachtman*, 424 U.S. 409, 422-25 (1976).

> A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a *425 suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. *Cf. Bradley v. Fisher*, 13 Wall., at 348, 20 L.Ed. 646; *Pierson v. Ray*, 386 U.S., at 554, 87 S.Ct., at 1217. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 5

*Id.* at 424-25. Plaintiff's claims regarding the King County prosecutor's successful efforts to quash subpoenas and the prosecutor's handling of the 2019 charges against her are therefore barred.

6. To the extent plaintiff is seeking damages related to her November 2, 2019, arrest by Lakewood police officers, her allegations of "false arrest" and "false report" are entirely conclusory. As for the related claims of property seizure or loss, plaintiff fails to provide facts from which one could plausibly infer that the seizures and dispositions were wrongful or otherwise give rise to liability.

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff may have a viable claim against one or more of the named defendants, but, if so, they are well and truly hidden amongst the sprawling narrative set forth in the complaint and its attachments. Plaintiff is hereby ORDERED to file on or before April 13, 2021, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that each defendant has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

//

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 6

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, April 16, 2021.

Dated this 12th day of March, 2021.

Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 7